**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| VICTOR A. GOMEZ, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:08-CR-314-1-WBH-CCH |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-3653-WBH-CCH |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant Victor A. Gomez has filed the instant motion to vacate pursuant to

28 U.S.C. § 2255.  Movant seeks to challenge the constitutionality of his sentences,

which were imposed on July 7, 2009, following a guilty plea entered in the

Northern District of Georgia.

I.      Procedural History

On August 5, 2008, a grand jury in the Northern District of Georgia returned

a five-count indictment against Movant and his co-defendants, which charged them

with two counts of hostage taking in violation of 18 U.S.C. §§ 1203 and 2, one

count of interference with commerce by threat or violence in violation of 18 U.S.C.

§ 1951(a), one count of possession of a firearm in furtherance of a crime of

violence in violation of 18 U.S.C. § 924(c)(1)(A), and one count of unlawfully

AO 72A
(Rev.8/82)

transporting a firearm in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2) and 2.

(Doc. 23).  On December 9, 2008, the Grand Jury entered a superseding indictment

against Movant and his co-defendants, which added one count of conspiracy to

possess with the intent to distribute at least five kilograms of cocaine in violation

of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846, and a forfeiture provision.  (Doc. 63).

On March 20, 2009, Movant entered into a guilty plea to Count One (hostage

taking), Count Four (possession of a firearm), and Count Six (conspiracy to

distribute more than five kilograms of cocaine).  (Doc. 100).[1]  The plea agreement

contains the following waiver of Movant's appellate and collateral rights

("appellate waiver"):

> LIMITED WAIVER OF APPEAL:  To the maximum extent
> permitted by federal law, the defendant voluntarily and
> expressly waives the right to appeal his conviction and
> sentence and the right to collaterally attack his conviction and
> sentence in any post-conviction proceeding (including, but not
> limited to, motions filed pursuant to 28 U.S.C. § 2255) on any
> ground, except that the Defendant may file a direct appeal of
> an upward departure or a variance from the otherwise
> applicable sentencing guideline range.   The Defendant
> understands that this Plea Agreement does not limit the
> Government's right to appeal, but if the Government initiates

---

[1] In exchange for his plea, the Government dismissed the remaining counts
against Movant.  (Doc. 107 at 6).

2

> a direct appeal of the sentence imposed, the Defendant may file
> a cross-appeal of that same sentence.

(Doc. 107 at 9).

On July 7, 2009, Movant was sentenced to 210 months' imprisonment on Counts One and Six, to run concurrently, and 84 months' imprisonment on Count Four to run consecutively, for a total of 294 months' imprisonment followed by a five-year term of supervised release. (Doc. 111). Movant did not appeal his sentences.

Movant filed the instant § 2255 motion on December 17, 2009. (Doc. 119). In the motion, Movant raises several claims of ineffective assistance of counsel related to counsel's conduct at sentencing. (Doc. 119). Movant also raises three claims related to alleged sentencing errors by the Court. (*Id.*). As to all claims, Movant requests that this Court vacate his sentence.

II.     Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant

AO 72A
(Rev.8/82)

to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in these cases conclusively show that he is entitled to no relief in connection with any of his claims. Thus, no evidentiary hearing is required.

4

III.    Analysis

The Government contends that Movant's claims should not be entertained by this Court because Movant waived the right to appeal or collaterally attack his sentences under the negotiated plea agreement.  The undersigned agrees.

Here, the appellate waiver in Movant's plea agreement precludes both direct and collateral review of both his sentences and convictions.  An appellate waiver, however, does not bar claims for ineffective assistance of counsel relating to the plea agreement or the waiver, or claims challenging the voluntariness of the plea. *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007); *Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005).  The undersigned will construe Movant's conclusory allegation that counsel "did not mention" the appellate waiver as an attempt by Movant to show that he did not enter into the appellate waiver knowingly or voluntarily.

There is a strong presumption that statements made during the plea colloquy are true. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Anderson*, 384 F. App'x 863, 865 (11th Cir. 2010) ("There is a strong presumption that statements made during a plea colloquy are true."); *accord, United States v.*

5

*Munguia-Ramirez*, 267 F. App'x 894, 897 (11th Cir. 2008)*; Patel v. United States*,

252 F. App'x 970, 974 (11th Cir. 2007).  Where a Movant's claim of ineffective

assistance of counsel is in direct conflict with his statements under oath, he has a

strong burden to show that his statements under oath were false.  *Patel*, 252 F.

App'x at 974-75.  Movant's claim that counsel never mentioned the appellate

waiver is belied by the record.

Indeed, during the plea hearing, Movant's counsel told the Court that he

discussed the plea with Movant, and that an interpreter not only explained the

contents of the plea agreement to Movant, but that the interpreter also provided a

Spanish-translated copy of the plea agreement to Movant for Movant to read

himself.  (Doc. 121 at 3-4).  Additionally, Movant stated under oath that he had

enough time to discuss the case with counsel; that he was satisfied with counsel's

performance; that he read, understood, and signed the written plea agreement, and

that no one had promised him anything or had otherwise coerced him into pleading

guilty.  (*Id.* at 6-8).  Moreover, the Court specifically questioned Movant about the

appellate waiver, asking him if he understood that he was giving up his right to

appeal and to file collateral relief, and Movant stated that he understood.  (*Id.* at

11-13).

6

It is therefore clear from the record that Movant understood the significance of the appellate waiver, and he has not produced any evidence to challenge the veracity of his sworn testimony. Consequently, Movant's appellate waiver is valid and enforceable. *See United States v. Steele*, 168 F. App'x 897, 900 (11th Cir. 2006) (finding appellate waiver valid where the court specifically questioned the movant about the waiver provision); *United States v. Montes*, 151 F. App'x 846, 853 (11th Cir. 2005) (finding appellate waiver valid where judge reviewed the waiver with the movant and he agreed that he was freely and voluntarily waiving his right to appeal his sentence); *United States v. Bushert*, 997 F2d 1343, 1350-51 (11th Cir. 1993) ("One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'") (citations omitted); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (finding appellate waiver enforceable where the court expressly questioned movant about the specifics of the waiver and determined that he had entered into the written plea agreement, which included the waiver, freely and voluntarily, and where "[t]he plain language of the agreement informed [Movant] that he was waiving a collateral attack on his sentence."). *See also United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) (stating that a waiver is valid if

7

the Government shows that either:  "(1) the district court specifically questioned the [movant] about the waiver; or (2) the record makes clear that the [movant] otherwise understood the full significance of the waiver.").

Inasmuch as Movant does not challenge the plea agreement and he voluntarily, intelligently, and knowingly entered into the appellate waiver, such waiver precludes the undersigned from addressing all of the claims asserted in the § 2255 motion.  Indeed, none of those claims concern matters that have any bearing on the validity of the plea agreement or appellate waiver; instead, they allege ineffective assistance of counsel at sentencing or challenges to the sentences themselves.  As such, they are precluded by Movant's waiver to seek collateral relief.  *See United States v. Riolo*, 398 F. App'x 568, 570-71 (11th Cir. 2010) ("[T]he waiver would prevent [the movant] from raising a claim of ineffective assistance of counsel at sentencing[.] . . ."); *Patel*, 252 F. App'x at 974 ("We have held that a valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing."); *Williams*, 396 F.3d at 1342 (holding that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the movant from attempting to attack the sentence in a collateral proceeding through a claim of ineffective assistance of counsel during

8

sentencing); *Vaca-Ortiz v. United States*, 320 F.Supp.2d 1362, 1365-66 (N.D. Ga.

2004) (O'Kelley, J.) (holding a waiver of the right to appeal or mount a collateral

attack can serve to bar a subsequent claim of ineffective assistance of counsel

during sentencing).  Accordingly, this Court cannot review these claims.

Movant argues in his reply that even if the appellate waiver is valid, his

sentences are higher than the applicable guideline range and, therefore, his claims

are not subject to the waiver.  Movant's argument, however, is misplaced.  After

hearing arguments from both sides, at sentencing the Court determined that

Movant's offense level for Counts One and Six was 37 and his criminal history a

category I, which resulted in a guideline range of 210-262 months.  *See* U.S.S.G.

§ 5A (Sentencing Table); Doc. 122 at 6.  After adding the 84-month consecutive

sentence for Count 4, the guideline range was 294-306 months.  Movant's 294-

month sentence was well within – and in fact, at the low end of – that guideline

range.[2]  As such, there was no upward departure or other variance from the

---

[2] Movant appears to claim that his offense level should have been 35, which would have changed the guideline range to 168-210.  With the additional 84 months from Count 4, the guideline range would have been 252- 294.  Even under this scenario, his 294-month sentence still is within the guideline range, albeit at the higher end.

9

applicable advisory guideline range and, therefore, the waiver precludes his claims from being reviewed on the merits.

Finally, Movant never raised any of his claims on direct appeal. Generally, a movant must advance an available challenge to his conviction on direct appeal, or else the Court must consider the challenge procedurally barred in a § 2255 proceeding. *Mills v. United States*, 36 F.2d 1052, 1055 (11th Cir. 1994). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Lynn*, 365 F.3d at 1234-35 (quoting *Mills*, 36 F.3d at 1055).

Movant never raised his claims on appeal, and he does not attempt to demonstrate either of the exceptions to the procedural default rule. As such, all of

AO 72A
(Rev.8/82)

Movant's claims are procedurally defaulted and cannot be considered on the merits.

III.   Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Victor Abiles Gomez's motion to vacate sentence [Doc. 119] be **DENIED**.

IV.   Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."   *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

AO 72A
(Rev.8/82)

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion of Movant's claims, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant voluntarily waived his appellate and collateral rights or that all of his claims are procedurally barred. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

12

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO ORDERED** this 7th day of July, 2011.

_____

C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)